**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1272-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN BLACK, a/k/a
JONATHAN A. BLACK,

     Defendant-Appellant.

_____

> Argued September 10, 2024 – Decided September 30, 2024
>
> Before Judges Gilson and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 04-10-1268, 04-10-1269, and 04-10-1303.
>
> Philip Nettl argued the cause for appellant (Benedict Altman & Nettl, LLC, attorneys; Philip Nettl, on the brief).
>
> Meredith L. Balo, Assistant Prosecutor, argued the cause for respondent (James O. Tansey, First Assistant Prosecutor of Union County, Designated Prosecutor for the purpose of this appeal, attorney; Meredith L. Balo, of counsel and on the brief).

PER CURIAM

This is the sixth appeal filed by defendant Jonathan Black related to his convictions and sentences for three armed robberies. In this appeal, defendant challenges three orders denying his motion to vacate an alleged illegal sentence and denying his second petition for post-conviction relief (PCR). We affirm all three orders because defendant's sentence was not illegal and because his PCR petition was time-barred and lacks merit.

I.

In 2004, defendant was charged with ten crimes related to three armed robberies. The charges were made in three separate indictments and concerned robberies committed in April 2004, when defendant was eighteen years of age.

In Indictment No. 04-10-1303 (I-1303), defendant and a codefendant were charged with crimes related to the robbery and shooting of an attendant at a gas station on April 12, 2004. Defendant was charged with four crimes: first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

In Indictment No. 04-10-1268 (I-1268), defendant and two codefendants were charged with crimes related to the armed robbery of a 7-Eleven store in the early hours of April 20, 2004. Defendant was indicted for three crimes: first-degree armed robbery; second-degree possession of a weapon for an unlawful purpose; and third-degree unlawful possession of a weapon.

In Indictment No. 04-10-1269 (I-1269), defendant and the same codefendants were charged with crimes related to the armed robbery of a Quick Chek that occurred on April 20, 2004, approximately an hour after the robbery at the 7-Eleven. Defendant was indicted for three crimes: first-degree armed robbery; second-degree possession of a weapon for an unlawful purpose; and third-degree unlawful possession of a weapon.

The charges under I-1303 were tried first in May 2006. A jury found defendant guilty of all four crimes.

The following month, defendant was sentenced for those four convictions under I-1303. The convictions for aggravated assault and possession of a weapon for an unlawful purpose were merged into the robbery conviction. On the robbery conviction, defendant was sentenced to sixteen years in prison, with periods of parole ineligibility and supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On the unlawful possession of a

3

weapon conviction, defendant was sentenced to four years in prison and that sentence was run concurrent to his robbery sentence. Thus, for the convictions under I-1303, defendant was sentenced to an aggregate of sixteen years in prison subject to NERA.

Meanwhile, the trial court granted the State's motion to join the charges under I-1268 and I-1269. Those charges then proceeded to trial and in June 2006, a jury found defendant guilty on all six charges.

In September 2006, defendant was sentenced for the convictions under I-1268 and I-1269. The two convictions for possession of a weapon for an unlawful purpose were merged into the two robbery convictions. On each of the robbery convictions, defendant was sentenced to fourteen years in prison subject to NERA. The court then sentenced defendant to five years in prison on the two convictions for unlawful possession of a weapon and directed that those sentences were to run concurrent to the robbery sentences. Addressing the issue of consecutive sentences, the court analyzed the factors under State v. Yarbough, 100 N.J. 627 (1985), and explained that the two robbery convictions under I-1268 and I-1269 should run consecutively to each other because there were two separate crimes, involving separate victims, at separate locations. In that regard, the court reasoned:

I think that counsel is right that if they were - - if we were just talking about one case with two different victims in one place, well, you might be considered - - that should be considered probably to run concurrent. But there were multiple victims in these crimes and taking that into consideration with also the factor that there can be no free crimes in a system for which the punishment shall fit the crime, I'm going to impose consecutive sentences in this case, having taken into consideration that this is a violent act, that each of these two robberies for which you were convicted each carry with them a [ten] to [twenty] year sentence as first[-]degree robberies.

The court also decided to run each of those sentences consecutive to the already imposed sixteen-year sentence defendant was then serving for his convictions under I-1303. Consequently, for his ten convictions under the three indictments, defendant was sentenced to a total of forty-four years in prison with over thirty-seven years of parole ineligibility.

Defendant appealed all his convictions and sentences under I-1303, I-1268, and I-1269. Those challenges were made in two separate appeals: one challenging his convictions and sentence under I-1303, and another challenging his convictions and sentences under I-1268 and I-1269.

In February 2009, we affirmed defendant's convictions under I-1303. We, however, remanded for resentencing because the sentencing court incorrectly

used aggravating factors one and two when sentencing defendant on the robbery conviction. State v. Black, No. A-0224-06 (App. Div. Feb. 13, 2009).

The resentencing took place in April 2009. At the resentencing, the court did not change its ruling on the mergers or the concurrent sentence for the conviction for unlawful possession of a weapon. Addressing the robbery conviction under I-1303, the court found that aggravating factors three and nine, and mitigating factor seven applied. The court then found that the aggravating factors outweighed the mitigating factor and imposed the same sixteen-year prison term subject to NERA. The court did not address whether defendant's resentencing under I-1303 should run consecutive to his sentences under I-1268 and I-1269.

Thereafter, defendant appealed his resentence under I-1303, contending that the sentence was excessive. We heard that appeal on a sentencing-only calendar, and rejected defendant's argument and affirmed his resentence for the convictions under I-1303. State v. Black, No. A-6136-08 (App. Div. Dec. 15, 2010).

In July 2009, defendant filed a self-represented PCR petition related to his conviction under I-1303, claiming that his trial counsel was ineffective, and that the prosecutor's conduct had deprived him of his right to a fair trial. This was

6

defendant's first of several PCR petitions relating to his convictions under the three indictments.

In December 2009, we also affirmed defendant's convictions and sentences under I-1268 and I-1269. State v. Black, No. A-3336-06 (App. Div. Dec. 24, 2009). On that appeal, defendant challenged his sentences as excessive. In rejecting that sentencing argument, we reasoned that "the sentencing factors identified by the judge [were] supported by the evidence," the sentences were "in accord with the sentencing guidelines and based on a proper weighing of the factors," and the sentences did "not shock our judicial conscience." Id. (slip op. at 8).

In May 2010, defendant filed a self-represented PCR petition related to his convictions and sentences under I-1268 and I-1269, arguing that his trial counsel and appellate counsel were ineffective. Defendant's two PCR petitions, one for I-1303 and one for I-1268 and I-1269, were consolidated for oral argument. Thereafter, in December 2013, the PCR court issued two orders, with accompanying written opinions, denying both PCR petitions without evidentiary hearings.

In May 2016, we issued two opinions affirming the denials of those PCR petitions. State v. Black, No. A-3608-13 (App. Div. May 19, 2016) (concerning

7

I-1303); <u>State v. Black</u>, No. A-4150-13 (App. Div. May 19, 2016) (concerning I-1268 and I-1269). The New Jersey Supreme Court denied defendant's petitions for certification of those decisions. <u>State v. Black</u>, 228 N.J. 50 (2016) (concerning I-1303); <u>State v. Black</u>, 228 N.J. 245 (2016) (concerning I-1268 and I-1269).

In late 2016, defendant filed two habeas corpus petitions with the United States District Court for the District of New Jersey challenging his convictions under I-1268, I-1269, and I-1303. The federal court denied those petitions.

In 2020 and 2021, defendant filed motions in the Law Division to correct an alleged illegal sentence and for PCR. In those motions and PCR petitions, defendant challenged his convictions and sentences under all three indictments. Arguments on those applications were heard by the same PCR judge on November 14, 2022. That same day, the court denied the motions and petitions, explaining its reasons on the record and issuing three separate orders. Defendant now appeals from the three November 14, 2022 orders denying his motion to correct an alleged illegal sentence and denying his second set of PCR petitions.

II.

On this appeal, defendant presents four arguments, which he articulates as follows:

I.   The aggregate 44-year sentence Defendant is currently serving is illegal, because it treats the sentence on Ind. No. 04-10-1303-I as consecutive, despite that never being ordered at the remand sentencing.

II.  Defendant received ineffective assistance of sentencing counsel on Ind. No. 04-10-1303-I, in violation of the Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution, by failing to argue for a concurrent sentence after the original sentence was vacated and remanded, and ineffective assistance of PCR counsel by failing to raise that issue in his first PCR Petition.

III. Defendant received ineffective assistance of appellate counsel on Ind. Nos. 04-10-1268 and 1269-I, in violation of the Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution, for failing to alert the Appellate Division that the trial court's statement of reasons for consecutive sentences failed to comply with State v. Yarbough, and ineffective assistance of PCR counsel by failing to raise that issue in his first PCR Petition.

IV.  The relief requested is not procedurally barred.

A.   The Consecutive Sentences.

Defendant challenges his resentence on the robbery conviction under I-1303, arguing that the sentence was illegal because it did not address whether

9                                    A-1272-22

that sentence should be consecutive to the sentences under I-1268 and I-1269. That argument is wrong as a matter of law. It is also procedurally flawed.

"[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with the law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). "There is no temporal limit on a court's ability to review an illegal sentence; 'it may be corrected at any time before it is completed.'" State v. Jones, 478 N.J. Super. 532, 540 (App. Div. 2024) (quoting Murray, 162 N.J. at 247). Accordingly, a PCR petition based on an illegal sentence is cognizable. R. 3:22-2(c). We review the legality of a sentence de novo, and "[i]f a defendant's sentence is illegal, a reviewing court must remand for resentencing." Jones, 478 N.J. Super. at 541 (quoting State v. Steingraber, 465 N.J. Super. 322, 327 (App. Div. 2020)).

The New Jersey Supreme Court has clarified that consecutive sentences imposed without a statement of reasons are not illegal sentences and may not be modified on PCR. Acevedo, 205 N.J. at 42. In that regard, the Court has explained that "mere excessiveness of [a] sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief

and can only be raised on direct appeal from the conviction." Id. at 45-46 (quoting State v. Clark, 65 N.J. 426, 436-37 (1974)).

Defendant's sentence imposed at the resentencing on I-1303 was not illegal. On the first-degree robbery conviction, defendant was sentenced to sixteen years in prison, which was within the established sentencing range for a first-degree crime under the Code. See N.J.S.A. 2C:43-6(a)(1) (stating that a conviction for a crime of the first degree can result in a prison term "between [ten] years and [twenty] years").

At the time of defendant's resentencing on I-1303, the issue of the consecutive sentences was not before the court. Defendant was resentenced on the convictions under I-1303 in April 2009. At that time, his appeal for the convictions under I-1268 and I-1269 was still pending. He filed his appeal of those two convictions in February 2007, and we did not rule on that appeal until December 2009. See State v. Black, No. A-3336-06 (App. Div. Dec. 24, 2009). Moreover, defendant did not raise a challenge to the consecutive sentences in his direct appeal of the sentence under I-1303 or the appeal of the resentence. In his direct appeals of his sentences under I-1268 and I-1269, defendant also did not argue that the sentencing court had not used the proper procedures in imposing consecutive sentences. Instead, defendant contended that the

11

sentences were excessive. Accordingly, defendant is now procedurally barred from seeking to challenge his consecutive sentences.

Defendant argues that it would be fundamentally unfair not to allow him to challenge the consecutive sentences because he contends that no court has ever considered the consecutive sentences on a comprehensive basis. He cites State v. Hannah, 248 N.J. 148 (2021) and asserts that, irrespective of other court rules governing PCR proceedings, our court retains the power to correct his sentence because it is fundamentally unjust.

That argument is not supported by the record. The same judge presided over defendant's two trials. That same judge then sentenced defendant on all his convictions under I-1303, I-1268, and I-1269. Defendant was first sentenced on his convictions under I-1303. When imposing that sentence in June 2006, the court did not need to address whether the sentences should run consecutive because defendant had not yet been sentenced on the convictions for I-1268 and I-1269.

Defendant was sentenced for the convictions under I-1268 and I-1269 in September 2006. At that sentencing, the court did address the consecutive sentencing issue and ordered that the sentences for the three separate robberies should be served consecutively. A review of the sentencing transcript confirms

that the court understood and adequately explained why the three sentences were being run consecutively and why the overall sentences were fair and appropriate.

Defendant's reliance on State v. Hannah is misplaced. See Hannah, 248 N.J. at 178. In Hannah, the New Jersey Supreme Court recognized that "our [rules] governing post-conviction relief petitions and proceedings do not render our courts 'powerless to correct a fundamental injustice.'" Ibid. (quoting State v. Nash, 212 N.J. 518, 547 (2013)). The Court then explained that a fundamental injustice occurs "when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome.'" Hannah, 248 N.J. at 179 (quoting Nash, 212 N.J. at 546). A fundamental injustice was found in Hannah because "critical evidence was withheld from the jury that supported [Hannah's] third-party-guilt defense." Hannah, 248 N.J. at 155.

Here, defendant has not shown that a fundamental injustice occurred. As stated above, defendant's consecutive sentences were logically explained by the sentencing judge and have been repeatedly upheld on appeal.

B.      The Claims of Ineffective Assistance of Counsel.

The second PCR court did not conduct an evidentiary hearing on defendant's second PCR petition. Accordingly, we review the denial of the petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v.

13

Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).  The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion.  State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-prong test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey).  To be entitled to an evidentiary hearing on an ineffective assistance of counsel claim, a petitioner must make a prima facie showing of ineffective assistance of counsel. State v. Porter, 216 N.J. 343, 355 (2013); R. 3:22-10(b).

Defendant makes two ineffective assistance of counsel arguments:  one related to the proceedings concerning I-1303, and the second related to the proceedings concerning I-1268 and I-1269.  Concerning I-1303, defendant contends that his counsel at resentencing was ineffective in failing to argue for a concurrent sentence and that his PCR counsel for his first petition was ineffective in failing to raise the consecutive sentences issue.  Regarding I-1268

and I-1269, defendant argues that his appellate counsel was ineffective in failing to raise the consecutive sentences issue and that his PCR counsel was also ineffective in failing to raise that issue.

We reject those arguments for two reasons. First, all the arguments raised in defendant's second PCR petitions are time-barred. Rule 3:22-4(b) states that a second or subsequent PCR petition "shall be dismissed unless" it alleges either: (1) "that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings"; (2) "that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence"; or (3) "that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief."

The second or subsequent PCR petition must also be timely under Rule 3:22-12(a)(2), which states that "no second or subsequent petition shall be filed more than one year after the latest of" either the recognition of the constitutional right, the date on which the factual predicate for relief was discovered, or the date of the denial of the first or subsequent PCR petition in which counsel was

alleged to be ineffective. This time limit is not tolled by federal habeas corpus proceedings. See State v. Milne, 178 N.J. 486, 494 (2004) (explaining that "a defendant's pursuit of federal review ordinarily would not extend the time frame within which to file a PCR petition in State court"). Moreover, there is no provision for relaxing this time limit: "the late filing of a second or subsequent PCR petition [cannot] be excused in the same manner as the late filing of a first PCR petition." State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018).

We denied defendant's appeals of his first PCR petitions in May 2016. It was over four years later, in August 2020, that defendant moved to correct his alleged illegal sentence under I-1268 and I-1269. It was even later, in November 2021, when defendant moved to correct his alleged illegal sentence on the remand related to I-1303. Those motions were all filed well beyond the one-year denial of defendant's first PCR petitions and are therefore all time-barred.

Even if we were to address the substance of defendant's contentions for ineffective assistance of counsel, as raised in his second set of PCR petitions, they lack merit. For the reasons we have already explained in discussing his sentences, defendant cannot show prejudice because he has no substantive basis to challenge his consecutive sentences. Defendant was convicted of three separate robberies, at three separate locations, involving three separate victims.

16

One of the victims was shot. The sentencing courts considered the separate nature of the crimes, and explained why the sentences were being run consecutively. Defendant has been afforded six appellate reviews of his ten convictions and sentences. In none of those appeals has defendant shown a basis for vacating the consecutive sentences.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1272-22